# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD SIMMONS, | ) | |
| | ) | |
| Plaintiff, | ) | No.: 19 C 5444 |
| | ) | |
| vs. | ) | Judge: |
| | ) | Magistrate Judge: |
| CITY OF CHICAGO, THOMAS DURKIN, | ) | |
| SHADI SWEISS, ALBERT RANGEL, | ) | |
| ADRIAN ROSILES, and KENNETH BRINK, | ) | JURY DEMAND |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. §1367(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

## Parties

4. Plaintiff Reginald Simmons is a resident of Chicago, Illinois.

5. Defendant Chicago Police Officers Thomas Durkin (Star 2873), Shadi Sweiss (Star 18529), Albert Rangel (Star 5339), Adrian Rosiles (Star 19462), and Kenneth Brink (Star 17865) ("Defendant-Officers") are duly appointed and sworn Chicago police officers.

6. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

7. The Defendant-Officers are sued in their individual capacities.

8. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

1

## Facts

9. On August 18, 2017, Defendant-Officers Durkin and Sweiss were on patrol in an unmarked police vehicle and wearing civilian clothes.

10. Durkin and Sweiss initiated a traffic stop of a grey Chrysler rental car with a Washington state license plate at or near 79th Street and Lawrence Avenue in Chicago, Illinois.

11. The driver of the Chrysler, Demarest Campbell, was placed in custody after Durkin and Sweiss ran his driver's license and determined that he had a suspended Illinois driver's license.

12. Plaintiff was a passenger in the back seat of the vehicle along with two other individuals.

13. Durkin and Sweiss ordered Plaintiff and the other occupants out of the vehicle.

14. Defendant-Officers Rangel, Rosiles, and Brink arrived on scene.

15. While Plaintiff was detained on the side of the road, without legal basis, and not free to leave, Defendant-Officers worked together to search Campbell's rental vehicle.

16. The rental vehicle contained numerous personal items belonging to Mr. Campbell and none belonging to Plaintiff.

17. After a search of the vehicle, Defendant-Officers found a handgun under a seat and behind a large metal bar in the vehicle.

18. Defendant-Officers placed Plaintiff under arrest for unlawful possession of the handgun.

19. Plaintiff at no time was observed by Defendant-Officers to be in possession of this handgun.

20. Further, Defendant-Officers had no reason to believe Plaintiff knew of the existence of the gun nor ever possessed it.

21. Defendant-Officers knew at the time of arrest that the Plaintiff was not the owner or operator of the car nor was he the owner of the other possessions found near the handgun.

22. Defendant-Officers did not have probable cause to bring felony criminal charges against Plaintiff related to the possession of the handgun, yet they took steps to commence and continue his prosecution anyway.

23. In order to substantiate their false charges against the Plaintiff, Defendant-Officers falsely wrote in police reports that the handgun was "immediately accessible" to the Plaintiff based on where he was sitting in the vehicle.

24. The handgun was not accessible to the Plaintiff based on where he was sitting, let alone immediately accessible.

25. Based on the false statements made in police reports and conveyed by the Defendant-Officers to the State's Attorney, Plaintiff was indicted in a 10-count felony indictment, which included numerous serious felony gun charges, all of which carried significant time in prison.

26. Plaintiff's criminal case was docketed as People v. Reginald Simmons, 17 CR 13372 in the Circuit Court of Cook County.

27. Due to the serious nature of the charges, Plaintiff's bond was set at $100,000.00 which required him to post $10,000 to secure his pre-trial release.

28. Plaintiff was unable to afford this amount, and as a result he remained detained in the Cook County Jail for nearly 7 months.

29. It was not until his bond was later reduced to $50,000.00 requiring a deposit of $5,000.00 that his family was able to post his bond.

30. Plaintiff was released from the Cook County Jail on March 8, 2018. However, he remained detained in home confinement on electronic monitoring, under a special condition of his bond.

31. Plaintiff remained detained on electronic home monitoring throughout the duration of his case and was not allowed to leave his home without permission from the Court or Cook County Sheriff.

32. In addition to electronic home monitoring, Plaintiff was required as a condition of his bond to remain in the state of Illinois and to attend court monthly.

33. Throughout the duration of his prosecution, Defendant-Officers took steps to continue his prosecution, including drafting false police reports, testifying falsely before the grand jury, giving false information to the State's Attorney, and ultimately testifying at his trial.

34. On September 10, 2018, Plaintiff was found not guilty on all counts after a bench trial and released from custody.

35. As a direct and proximate result of the acts of the Defendants described above, Plaintiff spent over a year in custody, lost his job, was evicted from his apartment, and has faced numerous other emotional and financial consequences including but not limited to: physical pain and suffering while in the Cook County Jail, emotional distress, and pecuniary damages for attorneys' fees.

36. Each individual Defendant-Officer personally participated in the unlawful conduct, and acted jointly and in concert with the other Defendants who participated or acquiesced in the unlawful conduct, or failed to intervene to stop the unlawful conduct.

## COUNT I
### (42 U.S.C. §1983 – False Arrest)

37. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

38. Defendant-Officers arrested Plaintiff and/or failed to intervene to stop the false arrest of Plaintiff despite having the opportunity to do so.

39. Defendant-Officers did not have probable cause or any other legal justification to arrest Plaintiff.

40. The arrest of Plaintiff without probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures. WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendant-Officers,
b) Award Plaintiff compensatory and punitive damages,
c) Award attorneys' fees and costs, and
d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT II
### (42 U.S.C. § 1983 Fourth Amendment Claim for Unlawful Detention)

41. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

42. Defendant-Officers, knowing that probable cause did not exist, acted individually, jointly, and/or in conspiracy, to cause Plaintiff to be arrested, detained and prosecuted for serious felony gun charges or failed to intervene knowing that Plaintiff was being detained without probable cause, thereby violating Plaintiff's right to be free from unreasonable seizures

guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

43. Plaintiff was detained during the time he was in custody in Cook County Jail and also during the time he was on electronic home monitoring and bond. During this time, Plaintiff's freedom of movement was restricted, he had conditions of bond that he was required to comply with or face arrest, his appearance was compelled at court dates, and he was under the control of the Cook County court system.

WHEREFORE, Plaintiff asks that this Honorable Court:
   a) Enter judgment against Defendant-Officers,
   b) Award Plaintiff compensatory and punitive damages,
   c) Award attorneys' fees and costs, and
   d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT III
### (State Law Claim for Malicious Prosecution)

44. Plaintiff re-alleges all preceding paragraphs as if fully set forth herein.

45. Defendant-Officers commenced and/or continued numerous false charges and/or prosecution against Plaintiff for unlawful possession of a gun.

46. Defendant-Officers did so with malice.

47. There was no probable cause for such charges.

48. The charges were terminated in a manner favorable to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:
   a) Enter judgment against Defendant-Officers
   b) Award Plaintiff compensatory and punitive damages,
   c) Award costs, and
   d) Award any further relief that this Honorable Court deems just and equitable.

## COUNT IV
### (Claim for Indemnification pursuant to 745 ILCS 10/9-102)

49. The acts of the Defendant-Officers described above were willful and wanton, and committed in the scope of employment.

50. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant City of Chicago is liable for any judgments in this case arising from the Defendant-Officers' actions.

WHEREFORE, Plaintiff asks that this Honorable Court order Defendant City of Chicago to indemnify the Defendant-Officers for any judgment entered in this case arising from their actions.

## COUNT V
### (State law claim for *Respondeat Superior*)

51. The acts of the Defendant-Officers, as described above, were committed in the scope of employment.

52. As principal and employer, Defendant City of Chicago is liable for its agents' actions under the doctrine of *respondeat superior.*

WHEREFORE, Plaintiff asks that this Honorable Court find Defendant City of Chicago liable for the actions of Defendant-Officers for any judgment entered in this case arising from their actions.

**Plaintiff demands a trial by jury on all claims.**

Respectfully submitted,

/s/ Sara Garber
*Counsel for Plaintiff*

Sara A. Garber
Thedford Garber Law
53 West Jackson Blvd., Suite 638
Chicago, Illinois 60604
O: 312-614-0866
E: sara@thedfordgarberlaw.com